United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR LEE GIBSON,<br><br>Plaintiff,<br><br>v.<br><br>VANJANI, et al.,<br><br>Defendants. | Case No. 17-cv-01705-EMC<br><br>**ORDER OF SERVICE**<br><br>Docket No. 1 |

## I. INTRODUCTION

Arthur Lee Gibson, an inmate at San Quentin State Prison, filed this *pro se* prisoner's civil rights action seeking relief under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II. BACKGROUND

In his complaint, Mr. Gibson alleges the following: Mr. Gibson has hepatitis C, and was told as far back as 2011 or 2012 that he qualified for treatment but that treatment would be deferred until a new hepatitis C medication was released. That new medication, Harvoni, was later released. Dr. Vanjani told Mr. Gibson on April 7, 2016, that Mr. Gibson no longer qualified for Harvoni for his hepatitis C. Dr. Rowe and Dr. Tootell thereafter agreed with Dr. Vanjani, and denied the Harvoni treatment for Mr. Gibson.

## III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or

seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). To establish an Eighth Amendment claim on a condition of confinement, such as medical care, a prisoner-plaintiff must show: (1) an objectively, sufficiently serious, deprivation, and (2) the official was, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

The complaint alleges that Drs. Vanjani, Rowe, and Tootell have refused to provide Mr. Gibson with treatment for his hepatitis C -- treatment that is both available and necessary. Liberally construed, the complaint states a cognizable Eighth Amendment claim against the three doctors for deliberate indifference to Mr. Gibson's medical needs.

### IV. CONCLUSION

1. The complaint states a cognizable Eighth Amendment claim against Dr. Vanjani, Dr. Rowe, and Dr. Tootell.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents in the case file upon the following defendants, all of whom apparently work in San Quentin's medical department:

- Dr. D. Vanjani
- Dr. Michael Rowe
- Dr. E. Tootell (chief medical executive)

2

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **September 15, 2017**, Defendants must file and serve a motion for summary judgment or other dispositive motion. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants must so inform the court prior to the date the motion is due. If Defendants file a motion for summary judgment, Defendants must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **October 13, 2017**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **October 27, 2017**.

4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies,

he is seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, Plaintiff's case will be dismissed and there will be no trial.

5. All communications by Plaintiff with the Court must be served on a Defendant's counsel by mailing a true copy of the document to the Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a Defendant's counsel has been designated, Plaintiff may mail a true copy of the document directly to the Defendant, but once a Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that Defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED**.

Dated: July 5, 2017

_____
EDWARD M. CHEN
United States District Judge