UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR LEE GIBSON,<br><br>Plaintiff,<br><br>v.<br><br>VANJANI, et al.,<br><br>Defendants. | Case No. 17-cv-01705-EMC<br><br>**ORDER DENYING MOTIONS TO COMPEL, APPOINT COUNSEL, AND STAY ACTION**<br><br>Docket Nos. 17, 18, 21, 22 |

In an order of service filed July 5, 2017, the Court found that the complaint stated cognizable claims under 42 U.S.C. § 1983 against three prison doctors for deliberate indifference to Plaintiff's medical needs based on their alleged denial of treatment for Plaintiff's hepatitis C. This matter is now before the Court for attention to three miscellaneous matters.

First, Plaintiff filed two motions to compel further responses to his interrogatories and requests for production of documents. He made no effort to meet and confer with defense counsel to try to resolve the dispute before filing his motions to compel. If Plaintiff wants to obtain discovery, he must comply with the discovery rules in Federal Rules of Civil Procedure 26-37. The Court generally is not involved in the discovery process and becomes involved only when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the Court. *See* Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). If the parties have a discovery dispute that they cannot resolve themselves, then the parties may ask the Court to intervene in the discovery process. The Court does not have enough time or resources to oversee all discovery and therefore requires that the parties raise only their very specific disagreements.

To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the Court requires that the parties meet and confer to try to resolve their disagreements before seeking Court intervention. *See* Fed. R. Civ. P. 37(a); N. D. Cal. Local Rule 37. Where, as here, one of the parties is a prisoner, the Court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters. Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good-faith effort to meet and confer before seeking Court intervention in any discovery dispute. Plaintiff's motions to compel are **DENIED** as premature because he failed to make a good faith effort to meet and confer with defense counsel to attempt to resolve the discovery disputes before filing his motions to compel. Docket Nos. 17, 18.

Second, Plaintiff has moved for appointment of counsel to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident at this time. This case presents a rather straightforward dispute about Plaintiff's entitlement to a particular medical treatment, which Plaintiff ably described in his complaint. The motion for appointment of counsel is **DENIED**. Docket No. 21.

Third, Defendants have moved to stay this action on the grounds that Plaintiff may soon be receiving a medical treatment and Plaintiff submitted a settlement demand that defense counsel wants to evaluate with prison officials. A stay is unnecessary on the facts presented because Defendants can both defend this action and make the decisions mentioned in the preceding paragraph. The Court also notes that the motion for stay arrived just a week before Defendants' motion for summary judgment was due, after the Court already had twice extended the deadline and cautioned that Defendants should not expect the motion deadline to be further extended. For

these reasons, Defendants' motion for a stay is **DENIED**.   Docket No. 22.

The Court will *sua sponte* give a short extension of the deadlines on the dispositive motion:  No later than **February 16, 2018**, Defendants must file and serve a motion for summary judgment or other dispositive motion.  Plaintiff's opposition to the summary judgment or other dispositive motion must be filed and served upon Defendants' counsel no later than **March 16, 2018**.  Defendants must file and serve their reply brief, if any, no later than **March 30, 2018.**

**IT IS SO ORDERED**.

Dated: January 29, 2018

_____
EDWARD M. CHEN
United States District Judge

3